UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

LUZ ELENA CUADROS,

                Plaintiff(s),

    v.

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant(s).

Case No. 2:14-CV-1247 JCM (PAL)

ORDER

      Presently before the court is defendant State Farm Fire and Casualty Company's (hereinafter "defendant") motion to dismiss.  (Doc. # 27).  Plaintiff Luz Elena Cuadros (hereinafter "plaintiff") filed a response, (doc. # 30), and defendant filed a reply, (doc. # 31).

      Also before the court is defendant's request for judicial notice.  (Doc. # 28).

**I.   Background**

      Plaintiff purchased a car insurance policy from defendant, which included collision coverage.  (Doc. # 23).  If plaintiff's vehicle was involved in a collision, defendant agreed to pay either the cost to repair the vehicle or its "actual cash value."  (Doc. # 27).

      On February 12, 2013, plaintiff was involved in an automobile accident in Las Vegas, Nevada.  (Doc. # 23).  She then made a claim for property damage to her vehicle.  (Doc. # 23).  Defendant used a third-party valuation service to evaluate plaintiff's vehicle.  (Doc. # 23).

      Defendant declared plaintiff's vehicle a "total loss," and determined that the vehicle's actual cash value was $15,547.  (Doc. # 23).  Plaintiff claims that defendant has failed to issue her a final claim payment.  (Doc. # 23).

James C. Mahan
U.S. District Judge

Plaintiff's policy includes a mandatory appraisal provision, which states: "If there is disagreement as to the actual cash value of the covered vehicle, then the disagreement will be resolved by appraisal upon written request of the owner or us . . . ." (Doc. # 27).

The policy also includes a "legal action against us" provision, which provides: "Legal action may not be brought against, nor may arbitration be demanded of, [defendant] until there has been full compliance with all the provisions of this policy." (Doc. # 27).

On July 29, 2014, plaintiff filed a putative class action in this court on diversity grounds. (Doc. # 23). Plaintiff contends that defendant undervalued plaintiff's vehicle. (Doc. # 23). She brings claims for negligence per se, unfair claim practices, deceptive trade practices, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, unjust enrichment, and injunctive and declaratory relief. (Doc. # 23).

On October 22, 2014, defendant sent a letter to plaintiff's counsel invoking its contractual right to appraisal. (Doc. # 27). Defendant then filed the instant motion.

## II. Legal Standard

### i. Judicial notice

Federal Rule of Evidence 201 provides for judicial notice of adjudicative facts. Under Rule 201(b)(2), the court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Rule 201(c)(2) states that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Finally, Rule 201(d) provides that "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

### ii. 12(b)(6) dismissal

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not

**James C. Mahan**
**U.S. District Judge**

1  require detailed factual allegations, it demands "more than labels and conclusions" or a

2  "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3  (2009) (citation omitted).

4  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

5  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

6  matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation

7  omitted).

8  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

9  when considering motions to dismiss.  First, the court must accept as true all well-pled factual

10  allegations in the complaint; however, legal conclusions are not entitled to the assumption of

11  truth.  *Id.* at 678-79.  Mere recitals of the elements of a cause of action, supported only by

12  conclusory statements, do not suffice.  *Id.*

13  Second, the court must consider whether the factual allegations in the complaint allege a

14  plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

15  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

16  the alleged misconduct.  *Id.* at 678.

17  Where the complaint does not permit the court to infer more than the mere possibility of

18  misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to

19  relief."  *Id.* at 679 (internal quotations omitted).  When the allegations in a complaint have not

20  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*,

21  550 U.S. at 570.

22  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

23  1202, 1216 (9th Cir. 2011).  The *Starr* court held,

25  First, to be entitled to the presumption of truth, allegations in a complaint or
   counterclaim may not simply recite the elements of a cause of action, but must
26  contain sufficient allegations of underlying facts to give fair notice and to enable
   the opposing party to defend itself effectively.  Second, the factual allegations that
27  are taken as true must plausibly suggest an entitlement to relief, such that it is not
   unfair to require the opposing party to be subjected to the expense of discovery
28  and continued litigation.

   *Id.*

**III.    Discussion**

    *i.    Request for judicial notice*

Defendant requests that the court take judicial notice of a certified copy of plaintiff's policy agreement and applicable policy endorsements, as well as a letter from defendant's counsel demanding appraisal.  (Doc. # 28).  Plaintiff does not appear to oppose defendant's request.  (Doc. # 30).

Defendant also contends that because the terms of the policy are at issue, the policy should be incorporated by reference into plaintiff's complaint.  (Doc. # 28).  Defendant requests judicial notice of the letter on the grounds that it is not subject to reasonable dispute and serves the limited purpose of showing that defendant invoked its right to appraisal.  (Doc. # 28).

In addressing a motion to dismiss, a court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim . . . for example, when a plaintiff's claim about insurance coverage is based on the contents of a coverage plan . . . ." *Id.*

Plaintiff's policy is not an adjudicative fact or a matter of public record, and is therefore not judicially noticeable.  *See Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citations and quotation marks omitted) ("A court may take judicial notice of matters of public record . . . .").

However, the court finds that the policy is appropriately incorporated by reference into plaintiff's complaint.  While plaintiff does not attach the policy to her complaint, she references the policy's number, requirements, and contents.  (Doc. # 23).  Accordingly, the court will consider the policy in ruling on the motion to dismiss.

The letter cited by defendants is also not a judicially noticeable adjudicative fact.  While defendant may be correct that the letter is not subject to reasonable dispute, it cannot "be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  Nevertheless, the parties do not dispute the fact that defendant has invoked its appraisal rights.  (Docs. # 27, 30).

Based on the foregoing analysis, defendant's request for judicial notice will be denied.  However, the policy at issue will be incorporated by reference, and the court will consider plaintiff's complaint, the motion to dismiss, and the parties' responsive filings in ruling on the motion.

ii.    *Motion to dismiss*

Defendant moves to dismiss on the grounds that it has invoked its appraisal rights under the policy.  (Doc. # 27).  Defendant cites this court's prior decision in *Redzepagic v. CSAA Gen. Ins. Co.*, 2:14-CV-929 JCM (PAL), 2014 WL 4079643 (D. Nev. Aug. 18, 2014), granting dismissal on virtually identical facts.

In response, plaintiff proposes that "the court should decide the statutory controversy before allowing [defendant] to invoke the appraisal process," because the alleged statutory violations are distinct from the question of value.  (Doc. # 30).  Plaintiff believes that the value of the vehicle goes to damages, and thus that an appraisal would be futile before the court has ruled on defendant's liability.  (Doc. # 30).

Plaintiff's arguments are misguided.  The relevant issue is whether the policy's appraisal provision applies to the instant dispute.  The policy's terms are unambiguous in allowing the insurer or insured to demand an appraisal.   Further, the policy's "legal action against us" provision bars suit until the parties have complied with all terms of the policy.  (Doc. # 28-1).

Plaintiff brought suit alleging that her vehicle was undervalued, and defendant invoked the appraisal provision.  Whether plaintiff views this dispute as separate from valuation issues is immaterial.  *See Enger v. Allstate Ins. Co.*, 407 Fed. App'x 191, 193 (9th Cir. 2010) (affirming district court's dismissal for failure to complete appraisal process despite insured's allegation of improper valuation method).  Plaintiff must submit to an appraisal before bringing suit.

. . .

. . .

James C. Mahan
U.S. District Judge

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's request for judicial notice, (doc. # 28), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss, (doc. # 27), be, and the same hereby is, GRANTED without prejudice.

The court shall enter judgment accordingly and close the case.

DATED December 23, 2014.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -